Good morning, Your Honors. May it please the Court, my name is Elsa Martinez and I represent the petitioners, Mr. Oscar Ramos and Maria Casares, in this case, husband and wife. May I reserve two minutes for rebuttal? In that case, Your Honor, I would like to begin by addressing the Ninth Circuit's holding in Hernandez-Gil v. Gonzalez. In that case, the Court held that there was a statutory right to counsel and, however, we were left with the unanswered question whether Petitioner must show prejudice when he has demonstrated a denial of the right to competent counsel. My case, Your Honors, is about ineffective assistance of counsel from the outset, credibility, prejudice, and plausible grounds for relief. Petitioners in this case have been denied the right to competent counsel and, as such, they have been denied due process and prejudice must be presumed. This Court has held that the right to counsel in asylum cases is a fundamental right. So is your position that if there is a due process violation shown in this kind of a case, then we automatically presume prejudice? That if there isn't an effective assistance of counsel? If that's the claim. Is that your position? It is my position that when there has been a clear finding of ineffective assistance of counsel, that prejudice should be presumed. How does that square with the Supreme Court's jurisprudence in Strickland that seems to make it a two-pronged test? First, there has to be a determination that the conduct of the lawyer breached a reasonably competent lawyer in that jurisdiction, and, secondly, that the client was harmed by or prejudiced by the? There is a two-pronged test generally, and a lot of the times the Board of Immigration Appeals will engage in a harmless error sort of analysis where there was ineffective assistance of counsel, but the respondents or the aliens were not prejudiced, and they go into a harmless error. The Board has always rejected the inherent prejudice argument. So are you urging us to adopt a new rule that would declare that the prejudice is presumed? In a case such as an asylum case where counsel plays such an important role, and this Court has held that the right to counsel is so fundamental, especially in asylum cases. But why would this be different from a criminal case where the stakes are just as high? A criminal case, and yet the Strickland standard clearly is a two-pronged test. Well, if the Court does follow the Strickland test and other findings where there has to be a two-pronged analysis and a finding of prejudice and not mere harmless error, then I would argue that this case, there is prejudice that has been shown. Okay. And could you address your argument then to what the proof of that prejudice would be? Before you go into that, if you don't mind, could you tell me, are there any cases in the immigration context, you cite some where there was no counsel and prejudice is more or less presumed? Is there any case that you can cite to us where there was counsel ineffective and prejudice was presumed? Not where prejudice was presumed. In Hernandez-Gil, the most recent Ninth Circuit decision that addresses this, counsel in fact wasn't present. What I'm arguing is that although counsel was present, he was in fact absent from the proceedings because he did not provide guidance to his clients and the court Since you're not likely to prevail on that point, why don't you get on to the ones you may have some hope of prevailing on? Correct. The ineffective assent of counsel is replete in this record because counsel did admit to the immigration judge that he was not prepared to go forward, that in fact he believed that it was a mere filing or master calendar. He indicated that he had not been present. I'm sorry. I interrupted you from answering Judge Tallman's question, which was what would be the prejudice. If you did have to show some, what would you show? Well, the prejudice in this case was the failure to prepare the clients for the case. The prejudice is basically that he, that the counsel did not assist his clients in the case whatsoever, but in fact put them in a worse situation. It's very apparent here where counsel submits a document that is solely in Spanish and says our clients will be very prejudiced, Your Honors, if we don't consider this article, the article that went to the heart of the claim of the aliens. In fact, he submits it. How do we evaluate that if it's not translated? I'm having a hard time. I think another part of your argument is that he didn't adequately prepare them for the questions and answers that they were going to have to give. But the problem I have is trying to compare what it would have looked like had the lawyer properly prepared the case versus what it looks like on the record that's before it. So how do we evaluate the difference? One of the ways that I think that would have made a great difference is if had the attorney known the heart of the case, he would have addressed at a minimum on direct examination the discrepancy between an asylum application in Canada and the United States. In fact, they were not contradictory applications, but one focused on one incident versus another. Well, they're clearly a difference. But the question, I guess, is we don't know what the explanation is, right? So how do we know that he had an explanation that would have been accepted by the trier of fact? Well, that's where ineffective assistance of counsel comes in, and that's why our basis is that there was ineffective assistance of counsel from the outset. But aren't we back to the presumption problem? Because you're asking us to infer that there is an explanation that would have reconciled the inconsistencies without us knowing what that explanation is. It is correct that there is no, that an explanation wasn't provided in petitioner's opening brief or in a separate declaration to cure the problems that happened at the initial proceedings. But here, there's a respondent who represented himself in proceedings in Canada, in the United States, prepared his own asylum application, and should have, either by his own counsel or at the suggestion of the immigration judge, clarified a discrepancy if there was going to be a holding or a finding of a lack of credibility. And he was never given that opportunity to explain that, Your Honor. Okay. That's a different issue. That's a different issue. Yes. The different question has nothing to do with ineffectiveness of counsel. It has to do with your other point, that there you don't agree with the credibility finding because it's based on an inconsistency that he was not asked to, given an opportunity to clarify. Correct. But that's a totally separate point. And then you've got about one minute before your rebuttal time, which you want to address at that point. The credibility should have been an issue, if there was going to be a finding of negative credibility, should have been addressed by the immigration judge. He shouldn't have been given an opportunity to explain and reconcile the differences between his wife's testimony and that of the main lead Petitioner. In fact, the we my position is that the discrepancies between his testimony  and that, in fact, the credibility findings by the immigration judge were in error. All right. Do you want to save your time for rebuttal? Yes. Thank you. May it please the Court. Donald Kuvion for the Respondent. Your Honors, the only claim that's properly here today, in our opinion, is the credibility finding. But if I can back up a moment in regard to the alleged or the contention about ineffective assistance of counsel. Well, how do you suggest you answer Judge Talman's question if you're in your opposing counsel's position? You have, let's assume you have a hearing where the witnesses stumble all over the place, give inconsistent stories, don't know how to answer questions, and the counsel's ineffective. How do you show prejudice in that kind of a case? Well, under the case law, you have to show that it was so inadequate that they were not allowed to have a full hearing and present their evidence. But I have to state that is not this record. We have heard repeatedly in briefing and now these bald, unsupported assertions about ineffective assistance of counsel. And this transcript shows an attorney who knew his case in and out. He did not say to the immigration judge, and I can give you the transcript if you wish, he did not say, I'm not prepared. He said, and he had been in the case for months, he said, I didn't realize until last week that the hearing today was a marriage hearing. Well, he got to work, and the record shows that his clients came into his office, gave him some documentation, he wrote a multi-page substantial hearing brief, which he submitted, and he submitted nine exhibits, all of which were admitted. He didn't say, I'm not prepared. He said, if you don't allow the exhibits in now, my clients will be prejudiced. They were all accepted and admitted. The immigration judge. Was one of them not translated? Yes. The immigration judge only took exception to one article in Spanish, and the attorney said, judge, all you have to do is read the headline. It just shows that this lady with this name died in a helicopter crash. Well, the judge never quarreled, and nothing in his decision is a challenge to that fact. The testimony and the other exhibits plainly show that this lady that was his mentor did so die. So, and I mean, even I can read that headline. It's of no consequence. And furthermore, the only thing the attorney did that could be presumed to be ineffective was not file, under case law, is not file that appellate brief. But the board opened the case up for full briefing, and the petitioners with new counsel made a de novo argument, as regulations allow. But they made a de novo argument about the underlying denial as if it were being directly appealed for the first time, and it was. It cures that prejudice totally. Going back to this. Was there anything that indicated either way, whether he spent time preparing the clients for the hearing? There's nothing in this record that would support that bald assertion that's made now, that was made at the board. The brief at the board and the brief now is tellingly devoid of record citation. And if you read this transcript, and I invite the court to look at it again, this attorney knew his case. In fact, he knew it so well that the government's attorney was complaining that he was leading his clients too much. Now, leading questions don't indicate ignorance. They don't say, tell your story, do they? If there had been some, let's say, explanation for an inconsistency that wasn't presented before the judge and wasn't presented before the BIA, is there any form at which it could have been presented to us? In other words, could the record have been supplemented or could a declaration have been filed? I mean, was there any opportunity to cure that? There was at the board, and they didn't do it. We don't have a declaration from any Petitioner in this case whatsoever.  An additional declaration that wasn't in the record? Yes. Well, they could have. It was reopened for all purposes. There's a letter from the board to present counsel saying, brief any issue you want. Well, briefing is different from presenting evidence. Well, but they could have proffered some declaration, something from counsel, I mean, from the Petitioner saying, this is what happened, but we don't have it. Isn't that what typically happens, for example, under matter of lozada when an IAC claim is filed? Yes, exactly. Matter goes to the board, and the first thing that goes is a declaration that says, here's what I've done to comply with matter of lozada since the ineffective assistance of counsel at the immigration judge. Yes, Your Honor, that's exactly what happens. But I would add, when I say, I have to correct myself, when I say there's no declaration, I'm partially in error. There's no declaration in regard to preparation and complaint about being effective at the hearing. The declaration is in the lozada context, and it addresses, as the brief to the board addressed only, you didn't call my daughter, you didn't file these documents until the day of the hearing. Well, they're filed.  Okay, briefs out the window. I mean, that's done. The transcript plainly shows that at the beginning of the hearing, at 208, counsel says, I have three witnesses, that would be the two co-petitioners and the daughter. At the end of the wife's testimony, and by the way, the testimony of the husband took 45 pages. The testimony of the wife, 12. The attorney says, in regard to the daughter, Your Honor, we don't have anything further. But he says, page 326, it's not quoted, may I consult with my client to see whether or not it is acceptable. The judge takes a recess. They come back, and the attorney says, I have discussed this matter with my client. And he agrees that there is no purpose in calling his daughter. This principal petitioner is well-educated, has held responsible positions in Mexico and the United States, and is fluent in English, and he did not object to that clear proffer by counsel. So there's no problem with not calling the daughter. Moreover, we've never heard what she could have proffered, she was a minor at the time, that might have made a difference or clarified anything. And in terms of preparing the petitioners, what they're really complaining about is that the wife sort of let it out on cross-examination that in Canada, the claim, her husband took the lead in both countries. And it's clear to me on this record that they don't talk a lot, and that there are some marital problems, and have been going on for some time. The wife may not have known exactly what the husband did with his asylum. She may not. And the did the I.J. ever ask the husband, do you have any explanation for this apparent It only came out, Your Honor, on cross-examination of the wife, when she said But isn't the rule that you have to point out to the party the inconsistency and ask for an explanation? Isn't that our rule? There are cases that say that. And that didn't occur in this case. I'm sorry? That did not occur in this case. No, it did not. So let me try to understand the earlier question, your response to Judge Reinhardt's question. So there was an opportunity and a declaration was filed, but it didn't cover all of the areas that the Petitioner is now urging before us on appeal. So they had an opportunity to make the record, but they just didn't. Yes, Your Honor. They covered only the three that I mentioned, and nothing beyond that. It's an effective assistance point, right? No, that's the new lawyer, isn't it? That's the lawyer on appeal. No, on the issue of inconsistent – on the issue of ineffective assistance of counsel. Oh, on the questioning. Yeah. We're talking about two different things. Yes. This is a totally different point, but you agree that Ileana's claim is moot? She's an LPR now. We don't need to – That's correct, Your Honor. She – I've confirmed that. So we should dismiss her from this case as she requests? Yes. Okay. It looks like the time's up. Thank you. If it's up, it's up. Just briefly, I'd like to respond to some of the issues that counsel for the government made, specifically that the exhibits were admitted. The immigration judge on the record said, I'm not expected to read Spanish and neither is the government attorney. The fact that they were admitted but not read and not given any weight – Well, you say they. We're just talking about one out of the nine, right? I believe there were two exhibits that were fully in Spanish. Okay. And I don't believe that an immigration judge who did not read Spanish would have even read even the heading. He would have read a name. What's your response to his argument that it's an inconsequential point because there was no dispute that the wife of the governor was killed in a helicopter crash? Because it goes to the reasons of the suspicion of why she was killed, the fact that it was a political motive because she was speaking against the ruling party in Mexico, the PRI. So I think that the article, which was – it was about three pages long, single-spaced. But how do we know that? Because it's not translated and – Correct. And did you handle the brief on appeal to the BIA? Yes, I did. Why didn't you include then a translation of the document when you had the opportunity after the case was reopened? The board did hold that there was ineffective assistance of counsel and it is not practice to submit translations of evidence or introduce new evidence at the appellate level. When the – Judge Reinhart indicated the proceedings weren't reopened for all purposes. It only reopened for briefing – for briefing – for brief. I was limited to the scope of the record that existed at the trial level. But you did supply a declaration to show that you'd complied with matter of Lozada. So you do have an opportunity to supplement the record, do you not? The matter of Lozada that was litigated on a habeas did indicate that the clients felt unprepared. They did not have met with counsel. Well, that's not my question. My question is did you have the opportunity or not? And it sounds like you did. Now, am I misunderstanding your answer? Your Honor, it was – a Petitioner's position is that that should have been done at the trial level and the proceedings should be reopened. That's not my question. I'm just trying to find out procedurally do you have a chance to supplement the record or not? Based on the Board of Immigration's manual, no, you do not. You cannot. Then what is the declaration that comports with matter of Lozada if it is not a supplementation of the record? What do we call it? That was done as a matter of a habeas petition for the purposes of establishing that there was ineffective and that there should be a new briefing or that the matter should be reopened. But it's still supplementing the record with additional facts that were not before the IJ, isn't it? Our position is that the Lozada declaration from Petitioner did indicate numerous facts. Counsel, I don't understand why you're fighting me on this point. It's a simple question and I can't get a straight answer to it from you. Your Honor, we did not translate the article and provide it in our motion with the Lozada. Did we have the opportunity to do that? It's my position that it needed to be done at the trial level and that's why proceedings should be reopened and remanded for a new hearing in November. So you're telling me that if you had supplied such a translation, the Board would have rejected it or there's a rule that forbids you from doing it, that you can only file a declaration that comports with Lozada? Is that what you're telling me? My understanding of the Board's regulations is that the matter needs to be briefed on the record as it existed. It's a closed universe. And do you have a case or a rule that you can cite to me, a regulation section, so that I can check that? Only to the manner, but I will provide that to the Court, if I may. I also wanted to address that. Counsel indicated that there were leading questions and that indicated there was a familiarity by counsel of his case. There was a five-year gap of issues that were not presented whatsoever. Counsel jumped from 1993 to 1998 on direct, never once addressed any of the issues that happened in Canada and also did not address what happened when there was a grant of voluntary departure in Petitioner's case. That, to me, was indicative that he was not familiar with his client's cases. But the government wasn't challenging the five years he spent in Canada. There wasn't an argument that he had an opportunity to permanently put down roots in Canada and, therefore, that should detract from his U.S. asylum application, was there? No, the government did not say that he was permanently resettled in Canada or anything of that sort. So, okay, so what? So what difference does it make what he did for the five years? The question is whether or not he's entitled to asylum in 1998 when he presents himself at Blaine. Only to the extent that the immigration judge and both the Board gave a lot of weight to the fact that he had presented an asylum claim that indicated a different incident than the one in the United States. But that's a different issue, isn't it? I mean, that's a question of explaining the discrepancy between the basis for his asylum application in Canada and the basis in the United States. I'm merely stating that because counsel didn't bring that up on direct or even on redirect. It's not rehabilitation. To explain the discrepancy. To explain the discrepancy. All right. And I would just remind the Court that in order to, if there's a finding of prejudice, the Court only needs to make a finding that the conduct of the attorney may have affected the outcome, not that the Petitioners would have prevailed. Thank you. Thank you, counsel. The case discharged will be submitted.
judges: Reinhardt, Tallmkan, Wilken